JOSEFINA FLORES DE ORDOÑEZ, Plaintiff and Appellee, *v.* MARÍA MATOS MARCANO, Defendant and Appellant.

No. 7647.   Argued February 17, 1939.—Decided April 21, 1939.

*E. Díaz Santana* and *Ramón García Mújica* for appellant. *Luis Apellániz Storer,* for appellee.

624

Mr. Justice Travieso delivered the opinion of the Court.

The case at bar seeks the revendication of a house existent upon a lot which belongs to the Municipality of Loíza, and the collection of rents amounting to $312.50. The plaintiff alleges that the house was acquired for her by her father while she was still unmarried, by public deed which has not been recorded in the Registry of Property. In opposition the defendant maintains that the house purchased by the plaintiff's father, although it appears to have been acquired for her, in reality was bought for himself, with the only purpose to enlarge an adjoining house which he also owned; that the plaintiff has never had the possession or ownership of the aforesaid house; that the plaintiff's father destroyed both houses and in their place erected a two-story building which he mortgaged to the defendant for a thousand dollars; that after the mortgage was due, the defendant herein foreclosed, and acquired the property by judicial adjudgment, and has the ownership and possession since May, 1934, when the marshal gave her title and possession.

After hearing the case, the District Court of San Juan gave judgment for the plaintiff as to the revendication only, and fined the defendant in costs, excluding attorney's fees. The defendant did not agree and filed the present appeal, wherein she assigns as errors committed by the lower court the following:

"1. The court erred in deciding that the plaintiff-appellant had legal capacity to sue in this case without her husband's assistance.

"2. The court erred in deciding that the evidence is sufficient to sustain the pleas of the complaint."

From the evidence presented it appears that when Andrés Flores López bought a one-story house upon a lot belonging to the Municipality of Loíza for his daughter, the plaintiff, she was twelve years old, and as is natural, was unmarried. The aforesaid house so acquired by the plaintiff does not have the quality of a ganancial, and therefore

its owner may sue in revendication without her husband's appearance. Section 54, Code of Civil Procedure. The first error should be dismissed.

The documentary evidence shows that on May 20, 1921, Andrés Flores López purchased for his minor daughter a one-story house which measured 4.23 meters along the front and was 3.32 meters deep; and that in the year 1926 or 1927 the same Flores López bought for himself a second house, adjoining the first one, two-storied and measuring $9 \times 10.5$ meters. On April 20, 1931, Flores López and his wife mortgaged to María Matos Marcano, the defendant-appellant, "a wooden two-story house, with zinc roof, the second floor with porches on its two fronts, 14 meters wide by 12 deep," in guaranty of a loan of $1,000. The mortgage was foreclosed by María Matos Marcano, the farm was adjudged to her, and she took possession thereof by virtue of the title conveyed in her favor by the marshal.

From the statement of Andrés Flores López it follows that a second floor was added to the house bought by him for his daughter, to raise it to the level of the second floor of the adjacent house, property of Flores López.

The lower court, after a study of the evidence, reaches the following conclusions:

"We declare, from the results of the evidence, considered on the whole, that there are two different houses, though they are united in their upper part. We give credit to the defendant when she says that she mortgaged all the estate, that there is only one staircase leading to the upper story, and that she would not have made the deal with Flores López if he had said there were two houses; that she did not know the measures and that both went to the notary R. García Mújica, and that the deed was made according to what the former said, that is, 14 meters wide by 12 deep. Andrés Flores López had no power to alienate his daughter's property, she being a minor at the time. The plaintiff has proved her right of ownership, the identity of the object, and the tenancy or possession by the defendant. The former's title is superior to the latter's. *Elzaburo* v. *Chaves*, 19 P.R.R. 162.

"The defendant has not acted rashly in defending the action, considering the facts of the case, and in view of Act No. 69 of May 11, 1936 ((1) p. 354).

"As to the damages claimed for rents yielded or owing since May 13, 1934, claimed to amount to $312.50, there was no evidence as to the same, to wit, that really and actually the plaintiff's house independently from the other one, yielded or should have yielded a monthly liquid rent of $25, after deducting expenses for repairs and taxes. The defendant stated that she had made repairs to the house valued approximately from $300 to $400.

"For the foregoing reasons, the complaint is allowed as to the revendication seeked, and dismissed as to the damages, and in consequence, it is decreed that the house described in the complaint is the property of the plaintiff Josefina Flores de Ordóñez and must be returned to her by the defendant María Matos Marcano once the judgment is final; and the defendant is fined to pay to the plaintiff costs and disbursements of this action, excluding attorney's fees."

The record before us sustains fully the conclusions of the lower court. It is evident that Andrés Flores López, without power to do so, mortgaged unto the defendant, not only the house that he owned, but also that of his daughter, the plaintiff. And she, not having consented to the execution of that mortgage, as owner of the house bought for her by her father, undoubtedly has the right to reclaim possession thereof. In our judgment, the lower court did not err in rendering the judgment appealed from, which must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.